IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOHAMMAD S. GALARIA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a Ohio Corporation,<br><br>    Defendant. | Case No. 2:13-cv-118<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Mark R. Abel |
| ANTHONY HANCOX, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a Ohio Corporation,<br><br>    Defendant. | Case No. 2:13-cv-257<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Mark R. Abel |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
REPLY MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE
MAGISTRATE JUDGE'S ORDER DATED DECEMBER 16, 2013 REGARDING
<u>DEFENDANT'S MOTION TO STAY DISCOVERY</u>**

### I. <u>INTRODUCTION.</u>

Plaintiffs' Response To Defendant Nationwide Mutual Insurance Company's Objections to the Magistrate Judge's Order (D.E. 36) fails to respond to the fundamental argument raised by Nationwide Mutual Insurance Company ("Nationwide") that, particularly in data security cases, a motion to stay discovery is appropriate when a pending motion to dismiss involves purely legal determinations.  Accordingly, Nationwide respectfully disagrees with the

Magistrate Judge's (and plaintiffs') undue focus on burden.  Plaintiffs should not be permitted to pursue discovery when, as here, the pending motion would result in dismissal of all plaintiffs' claims.  Plaintiffs do not—and cannot—offer arguments to refute these points.

Moreover, plaintiffs identify the wrong legal standard in their response brief, trying to mislead the Court to focus on so-called "factual issues;" fail to show any prejudice they would suffer by a short continuation of a stay of discovery; and plaintiffs' discovery requests are in fact unduly burdensome.

Nationwide respectfully objects to the Magistrate Judge's Order (D.E. 34), and requests that the Court overturn the Order and grant Nationwide's motion to stay.

## II.     LAW AND ARGUMENT.

### A.     Plaintiffs Identify The Wrong Legal Standard In Their Response Brief.

Plaintiffs correctly identify Fed. R. Civ. P. 72(a) as governing objections to a Magistrate Judge's decision, but improperly focus on the "clearly erroneous," rather than the applicable "contrary to law" standard.  As both parties highlight in the briefs, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Plaintiffs then further define "clearly erroneous," but this is not the correct standard to apply here.  Rather, as Nationwide explained in Section II of its Objections to the Magistrate Judge's Order (D.E. 35 at 3), "[t]he clearly erroneous standard applies to factual findings made by the Magistrate Judge, while legal conclusions are reviewed under the more lenient contrary to law standard."  See Itskin v. Gibson, No. 2:10-CV-689, 2012 WL 787400 (S.D. Ohio Mar. 9, 2012), at *1 (citations and internal quotations omitted).  "A court's review under the contrary to law standard is plenary, and the court may overturn any conclusions of law which contradict or ignore applicable precepts of law,

as found in the Constitution, statutes, or case precedent." Id. (citations and internal quotations omitted).

Nationwide did not argue in its Objections to the Magistrate Judge's Order (D.E. 35) that the Magistrate Judge erroneously analyzed the facts, but rather Nationwide respectfully argued that the Magistrate Judge's Order is contrary to law, based on the Court's long standing precedent that a stay of discovery is appropriate where a pending dispositive motion is predicated on legal questions that are unaffected by discovery.  As argued in Section III.B of Nationwide's Objections to the Magistrate Judge's Order (D.E. 35), Nationwide's pending motion to dismiss is based on two purely legal questions:  whether plaintiffs lack standing, and whether plaintiff has adequately stated a claim for relief.  If granted, plaintiffs' complaint will be dismissed in its entirety.  As a result, the Court can reach the decisions on these legal questions prior to allowing plaintiffs to conduct discovery.

        **B.**        **<u>Plaintiffs Fail To Show Any Prejudice By A Short Stay of Discovery.</u>**

Plaintiffs mention in their Response that Nationwide is wrong to conclude plaintiffs will not be prejudiced by a stay of discovery (D.E. 36 at 9), but do not offer any examples of prejudice.  For instance, plaintiffs do not indicate any deadline they might miss or any evidence that might be lost if discovery is briefly stayed until the motion to dismiss is resolved.

As Nationwide repeatedly has assured plaintiffs and the Court, Nationwide does not make this objection in order to cause delay.  If the motion to dismiss is successful, then the entire case would be dismissed, because in addition to its arguments on standing, Nationwide has also moved to dismiss as a matter of law each count of plaintiffs' complaint for failure to state a claim.  And finally, if Nationwide's motion to dismiss is only partially successful, the scope of

the remaining issues will be narrowed, and both parties can more effectively and efficiently proceed with discovery.

        C.      **<u>Plaintiffs' Discovery Requests Are Unduly Burdensome.</u>**

As argued in Nationwide's Objections to the Magistrate Judge's Order (D.E. 35 at 7-8), a court may limit discovery pursuant to Fed. R. of Civ. P. 26 when "the burden or expense of the proposed discovery outweighs its likely benefit."  <u>See</u> <u>Miller v. Countrywide Home Loans</u>, No. 2:09-CV-0674, 2010 WL 2246310, at *3 (S.D. Ohio June 4, 2010).  A stay is appropriate in data security cases such as this one, because such cases are frequently entirely dismissed, or at minimum, the factual and legal issues are substantially narrowed.  <u>See</u> D.E. 35 at 8-9.

Additionally, plaintiffs' discovery requests are burdensome.  D.E. 25 at 9-10.  They are far-reaching in scope, spanning a time-frame of over five years, dating back to January 1, 2008.  The requests broadly seek, for example, "[a]ll documents . . . regarding the Data Breach."  D.E. 25 at Exhibit 2.  The interrogatories are similarly over-reaching, asking for comprehensive catalogs of substantial amounts of information, such as Interrogatory No. 14, requesting identification of parties that have provided consulting services, hardware or software "relating in any way," to a range of computer devices.  D.E. 25 at Exhibit 1.  In light of the strong likelihood that Nationwide's motion to dismiss will be granted, or at minimum, granted in part, proceeding with broad discovery at this time is an unnecessary burden to Nationwide, but granting the motion to stay in no way prejudices plaintiffs.

**III.**      **<u>CONCLUSION.</u>**

For the foregoing reasons, Nationwide respectfully requests that the Court find the Order was contrary to law, and stay discovery in this matter.

Dated:  January 27, 2014                                   Respectfully submitted,

                      s/ Michael H. Carpenter
                      Michael H. Carpenter (0015733)
                      Carpenter Lipps & Leland LLP
                      280 Plaza, Suite 1300
                      280 North High Street
                      Columbus, Ohio 43215
                      Tel: (614) 365-4100
                      Fax: (614) 365-9145
                      carpenter@carpenterlipps.com

                      *Trial Attorney for Defendant Nationwide*
                      *Mutual Insurance Company*

OF COUNSEL:

Mark P. Szpak (*pro hac vice*)
mark.szpak@ropesgray.com
Harvey J. Wolkoff (*pro hac vice*)
harvey.wolkoff@ropesgray.com
Richard D. Batchelder. Jr. (*pro hac vice*)
richard.batchelder@ropesgray.com
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
Tel: (617) 951-7000
Fax: (617) 235-7500

Katheryn M. Lloyd (0075610)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
lloyd@carpenterlipps.com

*Attorneys for Defendant Nationwide*
*Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant Nationwide Mutual Insurance Company's Reply Memorandum In Support Of Its Objections To The Magistrate Judge's Order Dated December 16, 2013 Regarding Defendant's Motion To Stay Discovery was filed through the ECF system this 27th day of January, 2014, and will be sent via the ECF system to registered participants, including the persons listed below:

>Charles T. Lester, Jr.
>Charles T. Lester, Jr., Attorney at Law
>PO Box 75069
>Fort Thomas, KY 41075-0069
>
>Ben Barnow, Esq.
>Barnow and Associates, P.C.
>One North LaSalle
>Suite 4600
>Chicago, IL 60602
>
>Richard L. Coffman
>The Coffman Law firm
>First City Building
>505 Orleans Street, Suite 505
>Beaumont, Texas 77701
>
>Ralph K. Phalen, Esq.
>Ralph K. Phalen Law, P.C.
>1000 Broadway, Suite 400
>Kansas City, Missouri 64105
>
>Mitchell L. Burgess
>Burgess & Lamb, P.C.
>1000 Broadway, Suite 400
>Kansas City, Missouri 64105
>
>*Attorneys for Plaintiff*

>/s/ Michael H. Carpenter
>*One of the Attorneys for Defendant*
>*Nationwide Mutual Insurance Company*