IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mohammad S. Galaria,,

    Plaintiff,

    v.                                        Case No. 2:13-cv-118
                                            JUDGE MICHAEL H. WATSON
Nationwide Mutual Insurance      Magistrate Judge Kemp
Company,

    Defendant.


Anthony Hancox,

    Plaintiff,

    v.                                        Case No. 2:13-cv-257
                                            JUDGE MICHAEL H. WATSON
Nationwide Mutual Insurance      Magistrate Judge Kemp
Company,


<u>OPINION AND ORDER</u>

      As reflected in Magistrate Judge Abel's order filed in these consolidated cases on December 16, 2013, these cases arise out of the 2012 theft of Plaintiffs' personal identifiable information from Nationwide's computer network. After the cases were filed, Nationwide sought a stay of discovery because it moved to dismiss based on lack of Article III standing and for failure to state a claim. Nationwide also argued that the discovery requests at issue were unduly burdensome. Judge Abel concluded that Nationwide had not met its burden to show that a protective order was warranted. He denied the motion while noting that Nationwide could always seek a protective order if it deemed any future discovery requests to be improper.

      Shortly after that order was issued, the Court granted Nationwide's motion to dismiss. After a motion to alter or amend

judgment was also denied, Plaintiffs appealed.  In an order dated September 12, 2016, the Court of Appeals reversed and remanded, concluding that Plaintiffs had standing to assert claims under the Fair Credit Reporting Act, but leaving it to this Court to determine if they had stated a claim under that statute. Following the issuance of the mandate, Nationwide filed a second motion to dismiss, arguing that the complaint failed to state a claim under the FCRA (and that, in fact, this Court had already so held) and that Plaintiffs also failed to plead a viable claim under either negligence or bailment theories.  Plaintiffs responded by moving to amend their complaint and asked the Court to stay briefing on the motion to dismiss pending a ruling on that request, which the Court has done.  The motion for leave to amend is now fully briefed.

As part of the proceedings on remand, the parties asked for a discovery conference, which was held on February 16, 2017.  It was agreed that Nationwide could move for reconsideration of Magistrate Judge Abel's motion declining to grant a stay of discovery and that the motion would be decided by the undersigned Magistrate Judge.  That motion has been filed and is fully briefed.  For the following reasons, the motion will be denied.

Nationwide argues, in its motion, that there are two primary reasons why the order should be reconsidered.  First, it points to what it characterizes as a change in the law, by which it means the amendments to Fed.R.Civ.P. 26(b) which became effective on December 1, 2015, and which place an added emphasis on proportionality as a factor to be considered in determining the proper scope of discovery.  Second, it contends that the procedural posture of the case has changed because the Court of Appeals did not disturb this Court's conclusion that Plaintiffs failed to state a claim under the FCRA.  Given these changes, and in light of the broad nature of Plaintiffs' discovery requests,

which seek information about Nationwide's computer system and security measures dating back to 2008, it argues that the Court should now exercise its discretion to stay discovery pending resolution of the competing motions to dismiss and for leave to amend.

In their response, Plaintiffs contend that there is no sound legal basis for reconsidering Judge Abel's order. They argue that neither the change in the posture of the case nor the change in Rule 26(b) are the types of circumstances which justify altering a prior, and not clearly erroneous, decision. They also deny that their claims are likely to be found without merit and assert that the question of whether Nationwide "furnished" the stolen information in a way that creates liability under the FCRA is a factual one and cannot be decided on the basis of motions directed to the pleadings. In reply, Nationwide argues that it has met the standard applicable to the Court's reconsideration of interlocutory orders governing discovery, and that nothing in Plaintiffs' brief alters the fact that both the change in Rule 26(b) and the fact that Judge Watson has already rejected Plaintiff's FCRA claim on its merits favor a stay of discovery.

The short summary of the posture of the case provided above accurately conveys the essence of the Court of Appeals' ruling, but some additional explanation of Judge Watson's two orders (the order dismissing the case, and the order denying the motion to alter judgment) is necessary. It is also important to note that when Judge Abel issued his order denying a stay of discovery, neither of those rulings had been made.

When the Court granted the motion to dismiss, it made several rulings, one of which was the ruling on standing which was reversed by the Court of Appeals. The Court also held, however, that the allegation made by Plaintiffs that Nationwide failed to adopt policies or procedures that would safeguard their

personally identifying information from theft did not violate any of the provisions of the FCRA. The Court declined to reconsider that ruling in the order denying the motion to alter judgment, and the Court of Appeals' decision did not directly address this Court's conclusion on that issue, noting only that the conceptualization of the issue as one of "statutory standing" was incorrect, and that the real issue under the FCRA was whether the Plaintiffs had stated a claim on which relief could be granted. The Court of Appeals expressed no opinion on that matter, confining its ruling to jurisdictional issues. In its renewed motion to dismiss, Nationwide argues, among other things, that the complaint (as well as the amended complaint tendered with the motion to alter judgment) does not state a claim under the FCRA both because it does not identify any statutory violations and because Nationwide did not "furnish" the information in question to anyone else simply because it was stolen from the Nationwide computer system. As noted, both that motion and Plaintiffs' motion to amend – a motion which would allow Plaintiffs to add allegations about an attempted identity theft relating to Mr. Galaria as well as claims under Ohio and Minnesota statutory law – are pending, with the latter being fully briefed.

This Court has written extensively about the principles governing motions to stay or limit discovery during the pendency of a case-dispositive motion, and it would serve no purpose to repeat those statements here in any depth. The short version of that story is that the Court does not routinely stay discovery when the moving party has filed a "garden-variety" motion to dismiss which faces an uncertain reception by the District Judge. See, e.g., Peters v. Credit Protection Ass'n LP, 2014 WL 6687146, *3 (S.D. Ohio Nov. 26, 2014). Even when the proposal is to stage, rather than stay, discovery, similar principles are involved. See Heartland Jockey Club Ltd. v. Penn National

Gaming, Inc., 2009 WL 5171829 (S.D. Ohio Dec. 21, 2009).  That
case is also instructive on another point: although Nationwide
makes much of the fact that Rule 26(b)(1) was amended during the
pendency of this action, that amendment adds little of substance
to the cost-benefit analysis which was already mandated by Rule
26.  As this Court said in Heartland, supra, at *4, the pre-2015
version of the Rules "mandate[d] the performance of a
cost-benefit analysis when one party objects to discovery as
being unduly burdensome or disproportionate to the matters at
stake in the litigation.  See, e.g., Fed.R.Civ.P. 26(b)(2)(C)
(listing as factors to be considered in such an analysis whether
'the discovery sought is unreasonably cumulative or duplicative'
and whether 'the burden or expense of the proposed discovery
outweighs its likely benefit, considering the needs of the case,
the amount in controversy, the parties' resources, the importance
of the issues at stake in the action, and the importance of the
discovery in resolving the issues'").

With these principles in mind, the Court turns to its
analysis of Judge Abel's decision.  He considered many, if not
all, of the same arguments which the parties make in the
memoranda filed in connection with the motion to reconsider.
After doing so, he concluded that Nationwide had failed to meet
its burden to show that the discovery at issue was unduly
burdensome.  He noted that Nationwide did not support its motion
with any evidence as to how costly or time-consuming responding
to the outstanding discovery would be; that it did not respond to
Plaintiffs' argument that it may already have gathered much of
this information as part of its response to the breach of
security which occurred; and that Nationwide still had to incur
the cost of preserving the information at issue once litigation
was threatened or filed, and that it had not shown that producing
the same information would add an unreasonable burden to its

litigation costs.  He did not attach much, if any, importance to
the pendency of a motion to dismiss, but he did leave open the
possibility that once discovery began, if concrete disputes about
the legitimate scope of discovery arose, the Court would be open
to resolving them.  See Doc. 34.

Nothing in Judge Abel's approach to the issue strikes the
Court as unreasonable, either given the circumstances which
existed when he issued the order or the current circumstances.
Nationwide's motion to reconsider still does not provide the
Court with any particularized showing of how much it would cost,
or how much time it would take, to respond to the discovery
requests at issue.  Nationwide has taken the position, at this
time, that it will not provide any discovery at all until the
Court orders it to do so, but that does not mean that some amount
of discovery, consisting of less than everything which Plaintiffs
have asked for, might not be reasonably related and proportional
to the issues and amount at stake in the case, or that Nationwide
should not be directed to attempt to work out an agreement to
provide information and produce documents in a way that keeps the
case moving while still acknowledging the possibility that it may
not progress beyond the pleading stage.

The Court does not totally discount Nationwide's argument
that its motion to dismiss may be more likely to be granted in
this case than in the routine case because Judge Watson has
already expressed an opinion about the merits of the FCRA claim.
That does not change the fact that the Court of Appeals declined
to use that ruling as alternate grounds to affirm, or that the
Court of Appeals' standing analysis (and its critique of this
Court's ruling on the statutory standing issue) might not have
some impact on the ultimate disposition of the motion to dismiss.
Further, it does not account for any arguments made in support of
the motion for leave to amend, which will require fresh

consideration. Consequently, Judge Abel's decision not to give much weight to the pendency of a dispositive motion was also reasonable, and the Court adopts it as well.

For all of these reasons, the motion for reconsideration (Doc. 74) is denied. Nationwide shall, within 21 days of the date of this order, arrange for a meet-and-confer conference at which it shall make a good faith proposal about how much of the requested information most relevant to the Plaintiffs' claims can be produced promptly and without unreasonable expenditures of time or money. If the parties cannot agree on the scope and timetable for such production, they shall request an in-person conference with the Court to discuss the matter further.

<u>MOTION FOR RECONSIDERATION</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge