**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MOHAMMAD S. GALARIA, individually and on behalf of all others similarly situated, | Case No. 2:13-cv-118 |
| Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Chelsey Vascura |
| NATIONWIDE MUTUAL INSURANCE COMPANY, a Ohio Corporation, | |
| Defendant. | |
| ANTHONY HANCOX, individually and on behalf of all others similarly situated, | Case No. 2:13-cv-257 |
| Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Chelsey Vascura |
| NATIONWIDE MUTUAL INSURANCE COMPANY, a Ohio Corporation, | |
| Defendant. | |

**REPLY BRIEF OF DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY IN SUPPORT OF MOTION TO DISMISS**

The arguments in Plaintiffs' opposition to Nationwide's Motion to Dismiss are without legal merit and Nationwide's motion should be granted.  First, Plaintiffs fail to distinguish this case from the unanimous line of data breach cases rejecting bailment claims involving nearly identical factual allegations.  Second, rather than address Nationwide's arguments, Plaintiffs repeatedly misconstrue Nationwide's position and then attempt to defeat their own false premise.

Third, Plaintiffs do not dispute the applicable bailment standards, but fail to identify any alleged facts satisfying the legal standard, or even a single case in which personal information was bailed. Ultimately, Plaintiffs do not and cannot allege facts in support of a bailment claim in this data breach context. Plaintiffs attempted to abandon their claim once before, and for good reason. Plaintiffs cannot allege sufficient facts to support a bailment claim. Their Complaint should be dismissed.

**I.     Plaintiffs Cannot Distinguish The Unanimous Line Of Data Breach Cases Rejecting Bailment Claims.**

Courts across the country consistently have dismissed bailment claims in the data breach context. *See* Motion To Dismiss, at 6-8 (Doc. 92) (citing cases). Plaintiffs cannot distinguish these cases. Indeed, Plaintiffs attempt to address only two of the seven data breach cases—*Sony* and *Ruiz*—cited by Nationwide in its Motion to Dismiss. *See* Pls.' Memo. In Opp., at 8 (Doc. 94). In *Sony* and *Ruiz*, the courts did not hold that bailment was "inapplicable in the case of a theft," or that "Plaintiffs had not alleged sufficient facts … in their isolated cases," as Plaintiffs argue. *See* Pls.' Memo. In Opp., at 8 (Doc. 94). Rather, the courts in both *Sony* and *Ruiz* rejected bailment claims in the data breach context for the following reasons:

> First, as Plaintiffs freely admit, Plaintiffs' Personal Information was stolen as a result of a criminal intrusion of Sony's Network. Plaintiffs do not allege that Sony was in any way involved with the Data Breach. Rather, Plaintiffs allege that Sony failed to maintain adequate security procedures to protect against this type of theft. Thus, there are no allegations of conversion or any other intentional conduct by Sony that would indicate that Sony sought to unlawfully retain possession of Plaintiffs' Personal Information.
>
> Second, the Court is hard pressed to conceive of how Plaintiffs' Personal Information could be construed to be personal property so that Plaintiffs' somehow "delivered" this property to Sony and then expected it be returned. If such a legal theory for bailment exists, Plaintiffs have failed to present the Court with such in its Opposition papers.

> Finally, because the only allegation against Sony regarding the theft of Plaintiffs' Personal Information was that Sony was negligent or otherwise engaged in unfair or fraudulent practices, Plaintiffs' claim for bailment is duplicative of its claims for negligence and violations of California's consumer protection statutes.

*Sony*, 903 F. Supp. 2d at 974; *Ruiz*, 540 F. Supp. 2d at 1127 (rejecting bailment claims for identical three reasons).

Furthermore, the courts in *Sony* and *Ruiz* held that the Plaintiffs failed to present **legal support** for their theory that personal information could be bailed. *See Sony*, 903 F. Supp. 2d at 947 ("If such a **legal theory** for bailment exists, Plaintiffs have failed to present the Court with such in its Opposition papers.") (emphasis added). The same is true here. Plaintiffs advance the same theories as the Plaintiffs in *Sony* and *Ruiz* and, just as in those cases, Plaintiffs' theories lack legal support.

In sum, courts across the country dismiss bailment claims in the data breach context because personal information, such as one's name, is not "property" that was intended to be – or could be – "returned" by the alleged bailee and because the alleged bailor does not contemplate that their personal information will be "returned" to them at some later date. *See* Motion To Dismiss, at 6-8 (Doc. 92) (citing cases). For these same reasons, Plaintiffs' bailment claim should be dismissed.

II.     **Plaintiffs' Personal Information Is Not Property That Can Be Bailed.**

Even outside the data breach context, the applicable case law makes clear Plaintiffs' personal information cannot be bailed. *See* Motion To Dismiss, at 9-10 (Doc. 92). Bailment requires delivery of the bailed property to the exclusive possession and control of the alleged bailee. *See Atl. Mut. Ins., Co. v. Cuttaia*, 8th Dist., No. 65729, 1994 WL 385969, at *2 (Ohio Ct.

App. July 21, 1994); *Bourland v. Town & Country Imports*, 11th Dist., No. 975, 1982 WL 5855, at *2 (Ohio Ct. App. Mar. 31, 1982).[1] Accordingly, bailment does not apply because personal information, such as one's name, simply cannot be "delivered" to the "exclusive possession and control" of a bailee. *See* Motion To Dismiss, at 9-10 (Doc. 92) (citing cases).

Indeed, Plaintiffs do not cite a single case in which personal information was bailed. Plaintiffs also do not respond to Nationwide's cases holding that personal information is not a proper subject of a bailment claim. *See Enslin v. The Coca-Cola Co.*, 136 F. Supp. 3d 654, 679 (E.D. Pa. 2015) (finding "PII" or personal identifying information "was not 'property' or 'personalty' for the purposes of bailment"); *Bell v. Blizzard Entertainment, Inc.*, 2013 WL 12132044, at *9 (C.D. Cal. July 11, 2013) ("No court has held that personal information is a chattel that can be bailed."). Plaintiffs have failed to provide any legal support for their contention that personal information is capable of being bailed.

Rather than respond to the arguments actually made by Nationwide, Plaintiffs instead misconstrue Nationwide's position as creating some false distinction between tangible and intangible property. *See* Pl.'s Memo. In Opp., at 5 (Doc. 94). This is incorrect and misleading. Nationwide's position is that personal information, such as a name or social security number, is not capable of being bailed to the exclusive possession of the alleged bailee. See Motion to Dismiss, at 9-10 (Doc. 92); *see also Enslin*, 136 F. Supp. 3d at 679. "No court has held that personal information is a chattel that can be bailed," and Plaintiffs cite no case to the contrary. *See Bell*, 2013 WL 12132044, at *9. Moreover, their reliance upon *Kremen v. Cohen* is particularly misplaced, since exclusive ownership of intellectual property, such as a domain

---

[1] Plaintiffs do not dispute that Ohio law applies. *See* Pls.' Memo. In Opp., at 3 (Doc. 94) (reciting bailment standard under Ohio law).

name (*i.e.*, website address), is wholly distinct from an alleged property interest in one's own name or other biographical information. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 975 n.29 (S.D. Cal. 2012) (finding *Kremen v. Cohen* "distinguishable" and inapplicable in the data breach context).

Each of the remaining bailment cases cited by Plaintiffs similarly involves physical and intellectual property, such as computer servers and software, that was subject to exclusive possession of the alleged bailee. *See* Pls.' Memo. In Opp. at 3-6 (Doc. 94).[2] Here, Plaintiffs' personal information was never in Nationwide's "exclusive" possession.

Lastly, Plaintiffs' attempt to distinguish *Robinson v. St. Clair County* fails. In *Robinson*, the court held that a state-issued medical eligibility card was not "personal property that could be the subject of bailment." *Robinson v. St. Clair Cty.*, 144 Ill. App. 3d 118, 493 N.E.2d 1154, 1157 (1986). Plaintiffs wrongly contend the medical eligibility card in *Robinson* could not be bailed because it had no intrinsic value. In fact, the card could not be bailed because it was "symbolic of status" which could not be "sold, exchanged, assigned or otherwise transferred." *Robinson*, 493 N.E.2d at 1156. The same is true here. Plaintiffs did not and cannot bail their names, social security numbers, and other personal information because such information is not capable of being transferred to Nationwide. Accordingly, Plaintiffs' bailment claim should be dismissed.

---

[2] *See Shmueli v. Corcoran Group*, 802 N.Y.S.2d 871, 878 (N.Y. Sup. Ct. 2005) (only alleged bailee had access to computer and electronic document stored on the computer); *DW Data Inc. v. C. Coakley Relocation Sys., Inc.*, 951 F. Supp. 2d 1037, 1054 (N.D. Ill. 2013) (alleged bailee had exclusive possession of servers and software held by bailee in a storage facility); *Bridge Tower Dental, P.A. v. Meridian Computer Ctr., Inc.*, 272 P.3d 541, 546 (Idaho 2012) (servers, hard drives, and electronic data were in exclusive possession of alleged bailee for repair); *Jeter v. Mayo Clinic Ariz.*, 121 P.3d 1256, 1276 (Ariz. Ct. App. 2005) (fertilized human eggs in the exclusive possession of clinic, alleged bailee, for preservation).

### III. Plaintiffs Fail To Identify Any Facts Demonstrating They Expected Or Sought The Return Of Their Personal Information.

Plaintiffs do not dispute that bailment requires an expectation "that the property shall be returned once the purpose has been faithfully executed." *See* Pl.'s Memo. In Opp., at 7 (Doc. 94). Fatal to their bailment claim, Plaintiffs once again fail to identify any facts demonstrating that they expected the return of their personal information. Indeed, they fail entirely to respond to Nationwide's argument that bailment requires such an expectation of return. *See* Motion To Dismiss, at 11 (Doc. 92); Pls.' Memo. In Opp., at 7-8 (Doc. 94).

Rather than respond to Nationwide's arguments, Plaintiffs devote nearly two pages of their briefing to a discussion of the purported value of their personal information. Not only is this irrelevant to whether Plaintiffs expected the return of their personal information from Nationwide, but additionally, courts previously have rejected this theory of injury:

> Although Plaintiffs allege that a market exists that could provide them the opportunity to sell their PII, none of the Plaintiffs specifically tie those allegations to them. Plaintiffs do not allege they attempted to sell their personal information, that they would do so in the future, or that they were foreclosed from entering into a value for value transaction relating to their PII, as a result of the Google Defendants' conduct. . . . Even if the Court assumes that PII is a form of personal property, the court concludes the Plaintiffs have not alleged facts sufficient to show injury based on the purported diminution in value of their PII.

*In re Google Android Consumer Privacy Litig.*, No. 11–MD–02264 JSW, 2013 WL 1283236, at *4 (N.D. Cal. Mar. 26, 2013); *see also Low v. LinkedIn Corp.*, No. 11-CV-01468, 2011 WL 5509848, at *4-5 (N.D. Cal. Nov. 11, 2011) (plaintiff "failed to allege how he was foreclosed from capitalizing on the value of his personal data or how he was deprived of the economic value of his personal information simply because unspecified personal information was purportedly

6

collected by a third party").[3]

Plaintiffs also failed to identify any factual allegations demonstrating that Nationwide sought to unlawfully retain possession of their personal information. Plaintiffs make the conclusory allegation that "Nationwide has wrongfully retained" their personal information. *See* Compls. at ¶ 81 (Galaria Doc. 1, Hancox Doc. 1). Plaintiffs do not allege that Nationwide wrongfully refused to return their personal information, or that Plaintiffs ever even requested return of their information. Nationwide raised these pleading failures in its Motion to Dismiss, and Plaintiffs failed to respond in their opposition briefing. *See* Motion To Dismiss, at 11-12 (Doc. 92); *see generally* Pls.' Memo. In Opp. (Doc. 94). Plaintiffs' bailment claim is legally deficient and should be dismissed.

**IV.     Plaintiffs Lack Any Legal Or Factual Support For Their Contention That Nationwide Proximately Caused Their Claimed Losses.**

Plaintiffs do not dispute that proximate causation is an element of their bailment claim. Plaintiffs also cannot dispute that this Court previously held Plaintiffs failed to allege Nationwide's actions were the proximate cause of any claimed loss arising from Plaintiffs' negligence claim. *See* August 16, 2017 Opinion and Order, at 15 (Doc. 89). The same reasoning applies to Plaintiffs' bailment claim.

Unable to dispute these points, Plaintiffs instead argue that "[t]he injury is different" for their bailment and negligence claims. *See* Pls.' Memo. In Opp. at 9 (Doc. 94). This argument directly contradicts the allegations set forth in Plaintiffs' complaints. Plaintiffs do not allege

---

[3] This Court likewise has rejected Plaintiffs' argument regarding diminution of value of their personal information. In the standing context, this Court previously held Plaintiffs "failed to allege any facts explaining how their PII became less valuable to them (or lost all value) by the data breach." Feb. 10, 2014 Opinion and Order, at 24-25 (Doc. 40). Plaintiffs did not pursue their novel diminution of value theory in their appeal to the Sixth Circuit.

7

separate or "different" injuries arising from their respective negligence and bailment claims. As to their negligence claim, Plaintiffs alleged:

> Plaintiff and the other Class Members were (and continue to be) damaged as a direct and/or proximate result of Defendants' failure to secure and protect their PII in the form of, *inter alia*, expenses for adequate credit monitoring and identity theft insurance, out-of-pocket expenses, such as costs for placing a credit freeze ore removing a credit freeze, loss of privacy, [and] deprivation of the value of their PII . . . .

Compls., at ¶ 70 (Galaria Doc. 1; Hancox Doc. 1). As to their bailment claim, Plaintiffs did not allege *any* damages *other than those already pled elsewhere in their complaints*:

> Defendant's breach of this duty directly and/or proximately caused Plaintiff and the other Class Members to suffer (and continue to suffer) the injuries and damages alleged herein.

Compls., at ¶ 83 (Galaria Doc. 1; Hancox Doc. 1). In light of these allegations, Plaintiffs lack any basis to contend their claimed damages are "different" or that this Court's prior holding somehow does not apply.

Finally, Plaintiffs' burden-shifting argument is irrelevant because Plaintiffs have not alleged facts sufficient to establish a bailment relationship. Plaintiffs' own cited cases make clear that the burden shifts to the bailee only after the alleged bailor — here Plaintiffs — establishes that: "(1) a bailment contract existed between the parties, (2) the bailed property was delivered to the bailee, and (3) the bailee failed to redeliver the bailed property undamaged at the termination of the bailment." *Garofoli v. Whiskey Island Partners, Ltd.*, 8th Dist. No. 101302, 2014-Ohio-5433, at ¶ 24, 25 N.E.3d 400, 405-406; *see also Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 288, 58 N.E.2d 658, 665 (1944). As set forth above, Plaintiffs cannot satisfy the elements of their claim for bailment. As such, Plaintiffs' burden-shifting argument cannot redeem their bailment claim as a matter of law.

8

**V.     Conclusion.**

Plaintiffs previously abandoned their bailment claim for good reason. They have not and cannot establish any elements of their claim for bailment. For all the foregoing reasons, including those set forth in Nationwide's Motion to Dismiss, Nationwide respectfully requests that the Court dismiss the sole remaining bailment claim in Plaintiffs' Complaint with prejudice.

Dated: October 11, 2017                                             Respectfully submitted,

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com

*Trial Attorney for Defendant Nationwide Mutual Insurance Company*

OF COUNSEL:
Mark P. Szpak (*pro hac vice*)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
Tel:    (617) 951-7000
Fax:   (617) 235-7500
mark.szpak@ropesgray.com

Michael N. Beekhuizen (0065722)
Amber L. Merl (0080655)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
beekhuizen@carpenterlipps.com
merl@carpenterlipps.com

*Attorneys for Defendant Nationwide Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply Brief Of Defendant Nationwide Mutual Insurance Company In Support Of Motion To Dismiss was filed through the ECF system this 11th day of October, 2017, and will be sent via the ECF system to registered participants, including the persons listed below:

Charles T. Lester, Jr.
Charles T. Lester, Jr., Attorney at Law
PO Box 75069
Fort Thomas, KY 41075-0069

Ben Barnow
Erich P. Schork
Barnow and Associates, P.C
One North LaSalle
Suite 4600
Chicago, IL 60602

Richard L. Coffman
The Coffman Law firm
First City Building
505 Orleans Street, Suite 505
Beaumont, Texas 77701

Ralph K. Phalen
Ralph K. Phalen Law, P.C.
1000 Broadway, Suite 400
Kansas City, Missouri 64105

Mitchell L. Burgess
Burgess & Lamb, P.C.
1000 Broadway, Suite 400
Kansas City, Missouri 64105

*Attorneys for Plaintiffs*

/s/ Michael H. Carpenter
*One of the Attorneys for Defendant*
*Nationwide Mutual Insurance Company*