# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Mohammad S. Galaria, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.                                               Case No. 2:13-cv-118

Nationwide Mutual Insurance Co.,        Judge Michael H. Watson

    Defendant.

Anthony Hancox, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.                                               Case No. 2:13-cv-257

Nationwide Mutual Insurance Co.,        Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

These related putative class action lawsuits are before the Court on Plaintiffs Mohammad S. Galaria's ("Mr. Galaria") and Anthony Hancox's ("Mr. Hancox") (together, "Plaintiffs") objections to a Report and Recommendation ("R&R") issued by the Magistrate Judge on October 31, 2017, which recommended granting Defendant Nationwide Mutual Insurance Company's ("Nationwide") motion to dismiss Plaintiffs' bailment claim. ECF No. 97. For the following reasons, the Court **OVERRULES** Plaintiffs' objections, **ADOPTS** the R&R, and **DISMISSES** this action.

# I. BACKGROUND

## A. Procedural History

The factual background of these cases has been set out in the Court's previous orders and will not be repeated in detail here. Briefly, Mr. Hancox and Mr. Galaria provided their personally identifiable information to Nationwide in the course of purchasing, or seeking to purchase, insurance products. This information included some combination of their social security numbers, driver's license numbers, birth dates, marital status, gender, occupation, and employers' names and addresses. On October 23, 2012, individuals hacked into a portion of Nationwide's computer network and stole this information. Mr. Hancox and Mr. Galaria allege that the data breach impacted a class of approximately 1.1 million people.

By Opinion and Order dated February 10, 2014, ECF No. 40, the Court granted Nationwide's motion to dismiss. Specifically, the Court dismissed Plaintiffs' claim arising under 15 U.S.C. § 1681e of the Fair Credit Reporting Act ("FCRA") and their negligence and bailment claims all for lack of jurisdiction due to lack of standing. The Court dismissed their invasion of privacy claim for failure to state a claim. Plaintiffs moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and for leave to file an amended consolidated class action complaint. By Opinion and Order dated March 11, 2015, ECF No. 51, the Court denied both motions. Plaintiffs timely appealed.

On September 12, 2016, ECF No. 53, the Court of Appeals reversed and remanded, concluding that Plaintiffs had standing to assert claims under the

FCRA but leaving it to this Court to determine if they had stated a claim under that statute. Following the issuance of the mandate, Nationwide filed a second motion to dismiss, arguing that the complaint failed to state a claim under the FCRA (and that, in fact, this Court had already so held) and that Plaintiffs also failed to plead a viable claim under either negligence or bailment theories.

Plaintiffs responded by moving to amend and consolidate their complaints. By Opinion and Order dated August 16, 2017, ECF No. 89, the Court consolidated the cases for all purposes, and, in the context of denying the motion for leave to amend, granted Nationwide's motion to dismiss Plaintiffs' FCRA and negligence claims. As a result, only Plaintiffs' bailment claim remained pending. Consequently, the Court directed Nationwide to re-file a motion to dismiss directed to that sole claim. By order of referral dated October 13, 2017, ECF No. 96, the Court referred the motion to dismiss to the Magistrate Judge.

### B. Report and Recommendation

After consideration, Magistrate Judge Vascura recommended granting Nationwide's motion to dismiss Plaintiffs' bailment claim for two reasons: (1) Plaintiffs failed to allege a transfer of the data to Nationwide; and (2) Plaintiffs lacked an expectation that the information would be returned. First, the Magistrate Judge concluded that Plaintiffs had not relinquished control of their personally identifiable information when they applied for insurance because they had simultaneously retained control of the information. R&R 2, ECF No. 97. The Magistrate Judge recognized that various courts across the country have rejected bailment claims in the context of a security breach on the basis that no transfer of possession of the data occurred creating

an expectation of return. She determined that any state law applicable here would yield the same result. *Id.* at 2–3. Magistrate Judge Vascura noted that Ohio law "requires a transfer of possession and custody of the bailed property" and that Kansas and Minnesota law also view the act of bailment as requiring the transfer of custody or control of the property. *Id.* at 3. Further, the Magistrate Judge specifically explained that, because Plaintiffs had failed to allege that they had transferred custody or control of their personal identifiers to Nationwide, there was no need to determine whether intangible property, including personally identifiable data, constitutes personal property for purposes of a bailment claim. *Id.* at 4.

Second, Magistrate Judge Vascura recognized that Plaintiffs also had not alleged an expectation that Nationwide would return the data. She explained that, not only had Plaintiffs not made such an allegation, they could not, given that they had retained and used the same information throughout the time of the alleged bailment. For both of these reasons, Magistrate Judge Vascura concluded that Plaintiffs had not stated a bailment claim against Nationwide.

The R&R notified the parties of their right to file objections within fourteen days pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs filed timely objections and Nationwide filed a response. The Court addresses Plaintiffs' objections as follows.

## II. STANDARD OF REVIEW

The Court will review *de novo* the portions of the R&R that have been properly objected to, pursuant to Federal Rule of Civil Procedure 72(b)(2). On *de novo* review, the Court "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Nonetheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[A] naked assertion ... gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557.

## III. DISCUSSION

### A. Plaintiffs' Objections

In their objections, Plaintiffs raise three issues: (1) the R&R misconstrues Ohio law;[1] (2) Plaintiffs' personally identifying information was entrusted to Nationwide for a particular purpose; and (3) Nationwide breached its duty to exercise reasonable care. More specifically, Plaintiffs assert that their personally identifying information constitutes personal property subject to Ohio bailment law. As Plaintiffs see it, the Magistrate Judge's conclusion that Plaintiffs' simultaneous retention of their personal data precludes a bailment claim effectively, and wrongly, limits such a claim to only tangible property. Plaintiffs contend that Ohio law contains no such restriction. Rather, Plaintiffs explain, citing to *Verathon, Inc. v. DEX One Serv., Inc.*, No. 2:13-CV-205, 2013 WL 1627073, at *8 (S.D. Ohio Apr. 16, 2013), that the focus of Ohio law is whether personal property, tangible or intangible, was entrusted to another for a particular purpose. Plaintiffs caution, without any citation to authority, that interpreting Ohio law any other way immunizes conduct harmful to intellectual property from bailment or conversion claims.

Plaintiffs contend that "entrustment" is the definitive element of their bailment claim and that they easily have satisfied it here. In Plaintiffs' view, this issue turns on whether Nationwide assumed control and custody over their information. Consequently,

---

[1] Similar to the Magistrate Judge's observation, without conducting a choice of law analysis, the parties appear to agree that Ohio law governs the bailment claim. As the Magistrate Judge further noted, however, the only other state law arguably applicable here, that of Kansas and Minnesota, also consider the act of bailment to be a transfer of custody or control of personal property. *See Prod. Credit Ass'n of St. Cloud v. Fitzpatrick*, 385 N.W.2d 410, 412 (Minn. Ct. App. 1986); *M. Bruenger & Co., Inc. v. Dodge City Truck Stop, Inc.*, 675 P.2d 864, 868 (Kan. 1984).

Plaintiffs argue that whether they could still use their personally identifying information simply was not the relevant inquiry to be undertaken by the Magistrate Judge.

Finally, Plaintiffs assert that, under a bailment theory, once they entrusted their personal information to Nationwide, Nationwide was obligated to exercise reasonable care in maintaining it. Because, in their view, Nationwide allowed this information to be stolen, Plaintiffs assert that this element of a bailment claim has been satisfied. Plaintiffs contend that the Magistrate Judge erred in focusing on the issue of the return of their information because an expectation of return is not a strict requirement of a bailment claim

In response, Nationwide contends that the Magistrate Judge correctly recognized that courts across the country consistently have rejected bailment claims in the data breach context. Further, Nationwide argues that the Magistrate Judge was correct in concluding that Plaintiffs failed to allege both that they delivered their personal information to Nationwide's exclusive possession and that they expected Nationwide to return the information to them—both required elements of a bailment claim under Ohio law. Moreover, Nationwide notes that the Magistrate Judge specifically declined to rule on the issue of whether personal information is personal property able to be bailed, thereby making Plaintiffs' objection on this ground erroneous. Finally, Nationwide asserts that the Magistrate Judge's recommendation is correct for two additional reasons: (1) Plaintiffs have not alleged adequately that Nationwide wrongfully retained their personal information, and (2) Plaintiffs failed to allege that Nationwide proximately caused any claimed loss.

Plaintiffs filed a reply without seeking leave of court. Consequently, the Court will not consider Plaintiffs' arguments in this regard, and this filing is **STRICKEN**. *See* General Order No. COL:14-01.

## B. Analysis

Plaintiffs' objections to the Magistrate Judge's analysis ignore both her straight-forward reasoning and the plain definition of bailment under Ohio law. As the Magistrate Judge correctly recognized, under Ohio law, "[a] bailment exists where one person delivers personal property to another for a specific purpose." *Vandeventer v. Vandeventer*, 132 Ohio App.3d 762, 767 (Ohio Ct. App. 1999); *see also Collins v. Click Camera & Video, Inc.* 86 Ohio App.3d 826, 830 (Ohio Ct. App. 1993) (bailment defined as delivery of personal property by one person to another for a particular purpose with a contract express or implied for the property's return once the purpose has been executed).

To the extent Plaintiffs contend that the Magistrate Judge's analysis restricts a bailment claim to only tangible personal property, they are mistaken. The Magistrate Judge specifically declined to address that issue. Beyond this, the Court is not persuaded by Plaintiffs' bare suggestion that, regardless, the impact of her ruling yields the same result.

Further, there is no question that, in order for a bailment to be established, delivery has to occur. Plaintiffs' objections ignore this required element, instead focusing, with minimal discussion, only on the idea of entrustment. The definition of delivery under Ohio law was explained by the court in *Atlantic Mut. Ins., Co. v. Cuttaia*, No. 65729, 1994 WL 385969, at *2 (Ohio Ct. App. July 21, 1994), as follows:

> "The general rule is that, in order to constitute such a delivery, there must be a full transfer either actual or constructive of the property to the bailee, so as to exclude the possession of the owner and all other persons, and give to the bailee for the time being the sole custody and control thereof."
> 1 A.L.R. 396.

*Id.* (quoting *Travelers Insurance Co. v. Pond* (1957), 143 N.E.2d 189, 191). This explanation is consistent with the commonly understood definition of transfer as meaning:

> "[t]o convey or remove from one place or one person to another; to pass or hand over from one to another, esp. to change over the possession or control of."

Black's Law Dictionary (10th ed. 2014). Plaintiffs provided Nationwide with their personal information but do not allege that they relinquished control of this data. Under this circumstance, the Magistrate Judge correctly concluded that Plaintiffs did not allege a transfer of possession sufficient to state a bailment claim.

From this, it follows, consistent with the Magistrate Judge's conclusion, that Plaintiffs were unable to allege any expectation that Nationwide would return their personal information to them as required to state a bailment claim under Ohio law. The Magistrate Judge did not misapply Ohio law in reaching this conclusion. Plaintiffs are incorrect to the extent that they suggest that an expectation of return of the property is not a necessary element of a bailment claim. *Collins*, 86 Ohio App.3d at 830; *see also Garofoli v. Whiskey Island Partners, Ltd.*, 25 N.E.3d 400, 405 (Ohio Ct. App. 2014) (to establish a breach of a bailment contract a plaintiff must assert (1) a bailment contract existed, (2) the bailed property was delivered to the bailee, and (3) the bailee failed to redeliver the property undamaged); *David v. Lose*, 7 Ohio St.2d 97, 98 (1966) (a bailee promises to return the property undamaged upon the termination of the bailment); *In re:*

*Community Health Systems, Inc.,* 2016 WL 4732630, *25 (N.D. Ala. Sept. 12, 2016) (laws of various states including Ohio generally include the concept of placing property into exclusive possession of bailee with the anticipated return after the purpose of the bailment is accomplished).

Having reviewed the matter *de novo*, the Court is satisfied that the Magistrate Judge correctly determined that Plaintiffs' bailment claim is subject to dismissal under Rule 12(b)(6). Plaintiffs' objections are therefore **OVERRULED**.

## IV. CONCLUSION

For the reasons stated above, the R&R, ECF No. 97, is **ADOPTED** and **AFFIRMED**. The Court **GRANTS** Defendant's motion to dismiss, ECF No. 92. This case is hereby **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** and terminate this case.

**IT IS SO ORDERDED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**